UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **Doris Carter**, <br><br> *Plaintiff*, <br><br> v. <br><br> **Merchants Association Collection Division, Inc.,** <br><br> *Defendant*. | Case No.:_____ <br><br> *Ad Damnum*: **$2,000 + Fees and Costs** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW** the Plaintiff, **Doris Carter**, ("**Ms. Carter**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, **Merchants Association Collection Division, Inc.,** doing business as **Sherloq Financial** ("**Sherloq**"), stating as follows:

**PRELIMINARY STATEMENT**

1. This is an action brought by Ms. Carter against Sherloq for violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. § 1692, *et. seq.* ("**FDCPA**") and the *Florida Consumer Collection Practices Act*, Section 559.55, *et seq.*, Florida Statutes ("**FCCPA**").

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCCPA, Section 559.77(1), Florida Statutes, and 28 U.S.C § 1331.

3. Sherloq is subject to the provisions of the FDCPA and FCCPA and to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k).

4. This Court has supplemental jurisdiction for Ms. Carter's FCCPA claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(b)(2) because the acts complained of were committed and / or caused by the Defendant therein.

## PARTIES

6. **Ms. Carter** is a natural person residing in Spring Hill, Hernando County, Florida, and a *consumer* as defined by 15 U.S.C. § 1692a(3) and Section 559.55(8), Florida Statutes.

7. **Sherloq** is a Florida corporation, with a primary business address of 134 S. Tampa St., Tampa, FL 33602**.**

8. Sherloq's Registered Agent is William Gene Cole, 134 S. Tampa St., Tampa, FL 33602.

9. Sherloq is a debt collector within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and the FCCPA, Section 559.55(7), Florida Statutes, in that it uses postal mail, an instrumentality of commerce, interstate and within the state of Florida for its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. Sherloq is licensed as a *Consumer Collection Agency* ("**CCA**") by the Florida Office of Financial Regulation, holding license number **CCA0900476. SEE PLAINTIFF'S EXHIBIT A.**

11. As a licensee, Sherloq knows, or should know, the requirements of both the FDCPA and FCCPA.

## FACTUAL ALLEGATIONS

12. Around March 16, 2018, Ms. Carter's son was treated by Radiology Associates at Tampa General Hospital ("**Radiology Associates**").

13. Radiology Associates later claimed that Ms. Carter incurred a medical debt of $75.87 for charges not covered by insurance (the "**Debt**").

14. Radiology Associates later transferred the Debt to Sherloq for collection.

15. Sherloq attempted to collect the Debt from Ms. Carter via written correspondence.

16. However, rather than preparing and mailing a collection letter on its own, Sherloq sent information regarding Ms. Carter and the Debt to a commercial mail house in or around Oaks, Pennsylvania ("**mail house**").

17. Sherloq disclosed highly personal information regarding Ms. Carter and her son to the mail house, including, without limitation:

   (a) Ms. Carter's status as a debtor;

   (b) the fact that Ms. Carter allegedly owed $75.87 to Radiology Associates;

   (c) the date on which Ms. Carter was treated; and,

   (d) the fact that treatment included X-rays or other radiological studies.

18. The mail house used this information to populate a collection letter template, printed the letter, and mailed it from Pennsylvania to Ms. Carter's residence in Florida. **SEE PLAINTIFF'S EXHIBIT B.**

19. The FDCPA, 15 U.S.C. § 1692a(3), defines "communication" as: "the conveying of information regarding a debt directly or indirectly to any person through any medium."

20. The sending of an electronic file containing information about Ms. Carter's purported debt to a mail house is thus a "communication" as defined by the FDCPA.

21. The clear purpose for which Sherloq communicated with the mail house was so that the mail house would generate and mail a letter to Ms. Carter to induce payment of the Debt.

22. Sherloq's communication to the mail house was thus *in connection with the collection* of the Debt.

23. Ms. Carter never consented to having her personal and confidential information, concerning the Debt or otherwise, shared with the mail house or its employees and / or agents.

24. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. § 1692c(b):

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (emphasis added).

25. The mail house used by Sherloq as part of its debt collection effort does not fall within any permitted exception of 15 U.S.C. § 1692c(b).

26. Due to Sherloq's communication to this mail house, information about Ms. Carter, including her name, medical issues, treatment dates, the amount allegedly owed, and her home address are all within the possession of an unauthorized third-party.

27. If a debt collector "conveys information regarding the debt to a third party - informs the third party that the debt exists or provides information about the details of the debt - then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

28. Further, even "indirect" communications fall within the purview of 15 U.S.C. §1692c. *See Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268 (11th Cir. 2016) (establishing that communication under the FDCPA is either "direct" or "indirect," and even indirect communications are actionable based on the language of 15 U.S.C. §1692c within the broad statutory context).

29. Sherloq unlawfully communicated with an unauthorized third-party mail house solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it disclosed to such third-party.

30. In its reckless pursuit of a business advantage, Sherloq disregarded the known, negative effect that disclosing sensitive medical information to an unauthorized third-party has on consumers.

31. Ms. Carter has hired the aforementioned law firm to represent her in this matter and is obligated to pay its reasonable fees or has assigned her rights to fees and costs to the aforementioned firm.

## COUNT I
## SHERLOQ'S VIOLATIONS OF THE FDCPA

32. Ms. Carter incorporates paragraphs 1 – 31 as if fully stated herein.

33. Sherloq violated **15 U.S.C. § 1692c(b)** when it disclosed information about Ms. Carter's purported Radiology Associates debt to the employees and / or agents of an unauthorized third-party mail house in connection with the collection of the Debt.

34. Sherloq violated **15 U.S.C. § 1692f** by using unfair means in connection with the collection a debt, specifically, when it knowingly disclosed sensitive medical information about Ms. Carter and her son to a third party not expressly authorized under the FDCPA - a mail house - for the purpose of reducing its own costs to receive a competitive advantage over debt collectors who comply with the FDCPA.

35. Sherloq's conduct renders it liable for the above-stated violations of the FDCPA, and Ms. Carter is therefore entitled to statutory damages not to exceed $1,000 as well as other relief.

**WHEREFORE,** Ms. Carter respectfully requests this Honorable Court enter judgment against Sherloq, for:

    a. Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    b. Actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. Reasonable costs & attorneys' fees under to 15 U.S.C. § 1692k(a)(3); and,

    d. Such other relief that this Court deems just and proper.

## COUNT II
## VIOLATION OF THE FCCPA

36. Ms. Carter incorporates paragraphs 1 – 31 as if fully stated herein.

37. Sherloq violated Section **559.72(5)**, Florida Statutes, when it disclosed to a third party, the mail house, information that would affect Ms. Carter's reputation, specifically details about Ms. Carter's medical issues and her payment of debts.

38. Sherloq knew there was no legitimate business *need* for this information, since Sherloq could easily have prepared and mailed the letter itself without disclosing the information to a third party.

39. Sherloq *intentionally chose* to disclose this information to the mail house as part of its debt collection effort in order to increase its operational efficiency and profits.

40. Sherloq's conduct renders it liable for the above-stated violations of the FCCPA, and Ms. Carter is therefore entitled to statutory damages not to exceed $1,000 as well as other relief.

**WHEREFORE,** Ms. Carter respectfully requests this Honorable Court enter judgment, for:

    a. Statutory damages of **$1,000.00** pursuant to Section 559.77(2), Florida Statutes;

    b. Unspecified actual damages pursuant to Section 559.77(2), Florida Statutes;

    c. Injunctive relief preventing the Defendants from making any further communications to the unauthorized third party, when attempting to collect a consumer debt;

    d. Reasonable costs and attorney's fees pursuant to pursuant to Section 559.77(2), Florida Statutes; and,

    e. Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Ms. Carter demands a jury trial on all issues so triable.

Respectfully submitted on June 17, 2019, by:

/s/ *Bryan J. Geiger*
Bryan J. Geiger, Esq.
Florida Bar No.: 119168

**SERAPH LEGAL, P. A.**
2002 E. 5th Ave., Suite 104
Tampa, FL 33605
Tel: 813-321-2348
Fax: 855-500-0705
BGeiger@SeraphLegal.com
Counsel for Plaintiff

**<u>Exhibit List</u>**

**A – Defendant's Consumer Collection Agency License for Florida**

**B – Defendant's Collection Letter to Plaintiff Dated December 13, 2018**